COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Frank and Clements
Argued at Richmond, Virginia


TRACY LAMONT WILLIAMS
                                     MEMORANDUM OPINION[*] BY
v.    Record No. 1827-00-3        JUDGE JAMES W. BENTON, JR.
                                          JULY 24, 2001
COMMONWEALTH OF VIRGINIA AND
 CITY OF DANVILLE


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                        James F. Ingram, Judge

            S. Jane Chittom, Appellate Defender (Public
            Defender Commission, on briefs), for
            appellant.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General; William H.
            Fuller, III, Commonwealth's Attorney; James
            C. Martin, Assistant Commonwealth's Attorney,
            on briefs), for appellees.


     Tracy Lamont Williams appeals his convictions for three

felonies and two misdemeanors on the ground that the trial judge

improperly admitted evidence obtained through an illegal search

and seizure.  He also contends the evidence against him was

insufficient to justify a conviction for one of the

misdemeanors.  We affirm the convictions, but we remand the case

for clarification of the sentencing order.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

The grand jury indicted Williams for the felonies of possession of cocaine, possession of a firearm while possessing cocaine, and possession of a firearm after conviction of a felony. In addition, warrants charged Williams with misdemeanors of attempting to impede a law enforcement officer and brandishing a firearm.

The evidence proved that Officer Samuel Bray was sitting in his patrol vehicle when he saw a white Chrysler, which he had stopped two weeks earlier while it was being driven by a person with a suspended license. The officer noticed that the driver appeared to be the same person, and he activated his lights. After the car stopped and the officer exited his vehicle, the car, which contained two occupants, sped away.

The officer pursued the car, saw it stop, and saw the driver and passenger run into the woods. As the two men ran in the same direction, the officer chased them and gained on Williams, the passenger. Williams looked back at the officer, brought his hands "in front of him towards his waist, and then he fell to the ground." He lay face down with his hands under him at his waist. The officer testified that he stopped his pursuit of the driver because he "was in fear of [his] safety" and "was not going to turn [his] back on" Williams.

The officer twice commanded Williams to show him his hands. Williams did not comply. When the officer grabbed Williams'

-

right arm, Williams pulled his left hand over his left shoulder. He was holding a gun with the muzzle pointed at the officer. The officer lay on Williams and attempted to seize the handgun. Eventually, the officer used a chemical spray to subdue Williams. After handcuffing Williams, the officer searched him and found a razor blade with cocaine residue on it.

The trial judge ruled that no Fourth Amendment violation occurred and denied the motion to suppress. At the conclusion of all the evidence, he convicted Williams on all charges.

## II.

The Commonwealth first contends that Code § 19.2-266.2 bars Williams' challenge to the admission of the evidence against him. The statute requires that motions seeking to suppress evidence on Fourth Amendment grounds be made in writing seven days before trial. Williams, however, filed his motion four days before the suppression hearing and his trial.

The Commonwealth did not object at the hearing or at trial to the timeliness of the motion. Furthermore, the trial judge decided the suppression issue in favor of the Commonwealth. We have decided in the past that such objections, when raised on appeal, are moot when the trial judge considered and denied a motion to suppress on its merits. Neal v. Commonwealth, 27 Va. App. 233, 236 n.1, 498 S.E.2d 422, 424 n.1 (1998). Therefore, we will consider the issue on its merits.

-

III.

Williams contends that the trial judge erred in ruling the officer had reasonable suspicion to stop and detain him. The Commonwealth argues that the warrantless seizure of Williams lawfully flowed from the officer's right to detain him at the car.

Although a police officer may not routinely search a passenger simply by virtue of the passenger's occupancy in a vehicle, United States v. De Rie, 332 U.S. 581, 587 (1948), "an officer making a traffic stop may order passengers to get out of the car pending completion of the stop." Maryland v. Wilson, 519 U.S. 408, 415 (1997). In Wilson, the Supreme Court did not describe the officer's order to the passenger as a seizure but rather observed that once the car is stopped "the additional intrusion on the passenger is minimal." Id. (emphasis added). Indeed, the Court "express[ed] no opinion" on the issue whether "an officer may forcibly detain a passenger for the entire duration of the stop." Id. at 415 n.3. Although the United States Supreme Court has not so held, "this Court has previously held that police officers may also detain passengers beside an automobile until the completion of a lawful traffic stop." Harris v. Commonwealth, 27 Va. App. 554, 562, 500 S.E.2d 257, 261 (1998) (citing Hatcher v. Commonwealth, 14 Va. App. 487, 491-92, 419 S.E.2d 256, 257 (1992)). The record in this case clearly establishes that the officer did not detain Williams at

-

the car.  We, therefore, do not decide this case upon the principles announced in Harris and Hatcher.

The Fourth Amendment to the Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ."  A seizure without a warrant is per se unreasonable, unless it falls within recognized exceptions.  Crosby v. Commonwealth, 6 Va. App. 193, 197, 367 S.E.2d 730, 733 (1988).  In Bethea v. Commonwealth, 245 Va. 416, 429 S.E.2d 211 (1993), the Supreme Court held that when an officer establishes "'specific and articulable facts' which show that [the officer] was reasonably concerned for his safety [during a valid automobile stop for a traffic violation] and believed that [the passenger] might have had access to weapons with which to assault him," the ensuing detention is reasonable and permissible under the Fourth Amendment.  Id. at 420, 429 S.E.2d at 211.

"When examining the officer's reasons for stopping a person, we examine the objective reasonableness of the officer's behavior rather than the officer's subjective belief that the conduct indicates criminal activity."  Riley v. Commonwealth, 13 Va. App. 494, 497, 412 S.E.2d 724, 725 (1992).  The detention at issue did not occur before Williams fell to the ground and the officer commanded him to show his hands.  See California v. Hodari D., 499 U.S. 621, 626 (1991) (holding that even if

-

pursuit by a police officer qualifies as a show of authority, a seizure does not occur if the suspect is fleeing).  We hold that Williams was seized when the officer commanded him to show his hands.  See United States v. Mendenhall, 446 U.S. 544, 554 (1980) (holding that "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave").

We view the evidence in the light most favorable to the Commonwealth and must uphold the trial judge's findings of historical fact unless plainly wrong.  Harris, 27 Va. App. at 561, 500 S.E.2d at 260.  We review de novo, however, the trial judge's application of defined legal standards to particular facts of a case.  Id.  The evidence proved that when the driver, whom the officer reasonably believed was operating the car after his license was suspended, ran from the car, Williams ran behind the driver in the same direction.  During the pursuit, Williams ran slower than the driver, and had his empty hands at his side. Williams turned, looked at the officer, put his hands at his waist and fell to the ground with his hands concealed beneath his body at his waist.  The officer testified that he saw the driver when Williams fell, and he wanted to pursue the driver but feared for his safety if he did so because he "was not going to turn [his] back on [Williams]."  The officer and the two men were then in woods off the roadway.

-

The officer testified that he saw Williams' elbows moving and "asked him could I see his hands." Williams' refusal to show his hands placed the officer in the predicament of chasing the driver while Williams was behind him and actively moving his hands at his waist. The officer testified that Williams did not comply and that he proceeded as follows:

> I continued and repeatedly asked him, "Let me see you hands?" to ensure that there were no weapons. He would not comply. At that point, I bent down and grabbed his right arm, around where the elbow is, and attempted to pull that out from underneath him.

As in Bethea, the officer did merely what was necessary to protect his own safety after executing a lawful traffic stop. He could not reasonably pursue the driver while he also reasonably believed Williams threatened his safety. Therefore, the trial judge did not err in refusing to suppress the gun Williams pointed at the officer.

IV.

Williams also contends that the evidence was insufficient to prove he attempted to impede the officer in the performance of his duties.

The trial judge convicted Williams on the warrant which charged that Williams "by threats or force, knowingly attempt[ed] to intimidate or impede a law enforcement officer, lawfully engaged in his/her duties" in violation of City Code § 23-2. When an accused challenges the sufficiency of the

-

evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The evidence was sufficient for the trial judge to reasonably find that Williams deliberately stopped running, refused to obey the officer's order to show his hands, physically resisted the officer's attempt to view his hands, and, most importantly, pointed the gun at the officer during this altercation. Williams' behavior constitutes more than a mere refusal to comply with the officer's actions. We hold that the evidence was sufficient to prove beyond a reasonable doubt that Williams acted to deter the arrest of the driver and that Williams threatened the officer with the gun when the officer sought to determine whether he could safely pursue the driver.

V.

Although we affirm these convictions, we remand this case for a clarification of the sentencing order. The Commonwealth notes that the order contains clerical errors. First, the order asserts that the judge convicted Williams under Code § 18.2-460(B) for the crime of resisting arrest and impeding a police officer in the performance of his duties instead of City Code § 23-2 as cited in the warrant. In addition, the order does not clearly establish the length of the suspended portion of the sentence. The judge's order recites that the judge was

-

suspending the entire sentence for the felony of possessing cocaine and the entire sentence for both misdemeanors, but the order also required Williams to serve three months for those convictions.  We remand for a correction of these discrepancies.

For these reasons, we affirm the convictions in this case but remand the case for correction of the sentencing order.

<u>Affirmed and remanded</u>.